ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   - v. -

BRIAN COLL and
BYRON TAYLOR,

            Defendants.

- - - - - - - - - - - - - - - - x

**INDICTMENT**

S2 15 Cr. 360 (LAP)

## BACKGROUND

1. At all relevant times, Rikers Island was a jail complex, located in the Bronx, New York, maintained by the New York City Department of Correction ("NYCDOC"). At all relevant times, the North Infirmary Command (the "NIC") facility on Rikers Island housed inmates who had serious and/or chronic medical needs and/or physical limitations. It is separated into multiple dorm areas, including but not limited to Dorm 2, which is separated into Dorms 2A and 2B.

2. Beginning in or about September 2012, through on or about December 19, 2012, Ronald Spear was a pre-trial detainee housed in Dorm 2B. Spear was placed in the NIC because, among other afflictions, he suffered from end-stage renal disease and required regular dialysis. While housed in NIC, Spear wore glasses, a bracelet indicating that he was a "Risk of Fall," and typically walked with a cane.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 29 2015

3. BRIAN COLL, the defendant, joined the NYCDOC in 2002. On December 18 to December 19, 2012, COLL worked from 11 p.m. to 7 a.m. at his regular post in NIC Dorm 2. Specifically, COLL was assigned to the "A-Post" which means that he was responsible for manning the control center, which is commonly referred to as "the bubble." BYRON TAYLOR, the defendant, joined the NYCDOC in April of 2012. On December 18 to December 19, 2012, TAYLOR worked from 11 p.m. to 7 a.m. as the meal replacement officer in the NIC, which meant that he would relieve other correction officers when they took their breaks.

### The Assault

4. On or about December 19, 2012, Ronald Spear was assaulted by Correction Officer BRIAN COLL, the defendant, while Spear was fully restrained by other correction officers including defendant BYRON TAYLOR and when Spear posed no danger to COLL or any other correction officers. Specifically, COLL repeatedly kicked Spear in the head while Spear was already restrained and was lying face-down, prone on the prison floor. COLL continued to kick Spear in the head even after another correction officer told COLL to stop and attempted to shield Spear's head from further blows. After COLL kicked Spear in the head multiple times, COLL bent down and picked up Spear's head. COLL put his face inches away from Spear, and stated words to the effect of "that's what you get for fucking with me," and

"remember that I'm the one who did this to you." COLL then dropped Spear's head, and it struck the hard prison floor. As a result of this assault, Spear suffered severe bodily injuries, including multiple contusions to the skull.

5. Spear died as a result of the bodily injuries caused by COLL's assault. Spear's autopsy determined that he had three recent contusions on his skull, including a "brain bleed" caused by the blunt force impact to the head, consistent with Spear being kicked in the head while he was lying prone on the ground. The Medical Examiner conducting the autopsy concluded that the cause of death was "hypertensive cardiovascular disease" with "physical altercation including blunt force trauma to head" and diabetes as contributing factors, and ruled the death a homicide. The assault by COLL was therefore a proximate cause of Spear's death.

### The Cover-Up

6. Immediately following the assault and death of Spear, the correction officers who were involved in and/or witnessed the use of force, including BRIAN COLL and BYRON TAYLOR, the defendants, agreed with each other and with others to cover up the assault so that it would appear that the use of force against Spear was warranted, and that the death resulting was accidental or could be blamed on the victim himself. In particular, the corrections officers involved in and/or who

3

witnessed the assault agreed to falsely report that Spear had attacked COLL with a cane and lie about the fact that COLL had repeatedly kicked Spear in the head while he was restrained. They also agreed, at the request of defendant BYRON TAYLOR, to omit the fact that TAYLOR was involved in the incident in their use of force reports and statements about the offense. Accordingly, TAYLOR did not fill out a use of force report, and neither COLL nor the other officers reported that TAYLOR was present for the assault on Spear. Rather, COLL, TAYLOR and the other corrections officers repeatedly lied about the assault as agreed, including in official use of force reports that union representatives stressed had to be "consistent." They continued their lies in statements to Department of Correction staff and investigators, state and federal prosecutors, and before state and federal grand juries.

### COUNT ONE
### (Death Resulting from the Deprivation of Rights Under Color of Law – COLL)

The Grand Jury charges:

7. The allegations set forth in paragraphs one through five of this Indictment are repeated and incorporated herein by reference.

8. On or about December 19, 2012, in the Southern District of New York, BRIAN COLL, the defendant, while acting under color of a law of the state of New York, did willfully

assault Ronald Spear resulting in bodily injury to Ronald Spear and did thereby willfully deprive Ronald Spear of a right secured and protected by the Constitution and laws of the United States, namely, the right to be secure in his person and free from excessive use of force, to wit, while working as a correction officer in the New York City Department of Correction assigned to Rikers Island in the Bronx, New York, COLL willfully kicked Ronald Spear multiple times in the head while he was restrained, which resulted in bodily injuries to Spear and in the death of Spear.

(Title 18, United States Code, Sections 242 and 2.)

## COUNT TWO
### (Conspiracy to Obstruct Justice - COLL & TAYLOR)

The Grand Jury further charges:

9. The allegations set forth in paragraphs one through five of this Indictment are repeated and incorporated herein by reference.

10. From at least on or about December 19, 2012, up to and including in or about April 2015, in the Southern District of New York and elsewhere, BRIAN COLL and BYRON TAYLOR, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1512(b)(3).

11. It was a part and an object of the conspiracy that BRIAN COLL and BYRON TAYLOR, the defendants, and others known and unknown, would and did knowingly use intimidation, threaten, and corruptly persuade another person, and engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, to wit, COLL, TAYLOR and their co-conspirators agreed to make false statements to multiple investigators about the assault of Ronald Spear, an inmate at a Rikers Island correctional facility, in order to cover up the fact that COLL had unlawfully assaulted Spear by repeatedly kicking Spear in the head after Spear had been restrained.

(Title 18, United States Code, Sections 1512(b)(3) & (k).)

## COUNT THREE
(Obstruction of Justice - COLL)

The Grand Jury further charges:

12. The allegations set forth in paragraphs one through five of this Indictment are repeated and incorporated herein by reference.

13. From on or about December 19, 2012, up to and including in or about 2015, in the Southern District of New York and elsewhere, BRIAN COLL, the defendant, knowingly used intimidation, threatened, and corruptly persuaded another

person, and attempted to do so, and engaged in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, and aided and abetted such conduct, to wit, COLL himself made, and encouraged others to make, false statements to New York Department of Correction senior staff and the Bronx District Attorney's Office with respect to the death of Ronald Spear, an inmate at Rikers Island.

(Title 18, United States Code, Sections 1512(b)(3) and 2.)

### COUNT FOUR
### (Conspiracy to Falsify Records and Documents – COLL & TAYLOR)

The Grand Jury further charges:

14. The allegations set forth in paragraphs one through five of this Indictment are repeated and incorporated herein by reference.

15. From on or about December 19, 2012, through in or about at least March 2015, in the Southern District of New York and elsewhere, BRIAN COLL and BYRON TAYLOR, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, falsifying of records and documents, in violation of Title 18, United States Code, Section 1519.

7

16. It was a part and an object of the conspiracy that COLL and TAYLOR, the defendants, and others known and unknown, knowingly would and did alter, destroy, mutilate, conceal, cover up, falsify, and make a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, to wit, COLL, TAYLOR and their co-conspirators agreed to falsify use of force reports with the intent to impede the investigation of the death of Ronald Spear, an inmate at Rikers Island, which investigation falls within the jurisdiction of the United States Attorney's Office for the Southern District of New York, in violation of Title 18, United States Code, Section 1519.

17. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. On or about December 19, 2012, COLL and a co-conspirator not named as a defendant herein ("CC-1") submitted use of force reports to the New York City Department of Correction Investigative Division that contained false, misleading, and incomplete information about the use of force

incident with inmate Ronald Spear, which incident led to the death of Ronald Spear.

(Title 18, United States Code, Section 371.)

### Count FIVE
### (Falsifying Records and Documents - COLL)

The Grand Jury further charges:

18. The allegations set forth in paragraphs one through five of this Indictment are repeated and incorporated herein by reference.

19. From on or about December 19, 2012, through in or about at least February 2, 2013, BRIAN COLL, the defendant, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, to wit, BRIAN COLL falsified use of force reports with the intent to impede the investigation of the death of Ronald Spear, an inmate at Rikers Island, which investigation fell within the jurisdiction of the United States Attorney's Office for the Southern District of New York.

(Title 18, United States Code, Sections 1519 and 2.)

## COUNT SIX
### (Obstruction of Justice by Lying in a Federal Grand Jury - TAYLOR)

The Grand Jury further charges:

20. The allegations set forth in paragraphs one through five of this Indictment are repeated and incorporated herein by reference.

21. On or about April 9, 2015, in the Southern District of New York, BYRON TAYLOR, the defendant willfully, knowingly, and corruptly influenced, obstructed, and impeded, and endeavored to influence, obstruct, and impede, the due administration of justice, to wit, BYRON TAYLOR provided false and misleading testimony to a grand jury of the United States sitting in the Southern District of New York regarding the use of force incident leading to the death of Ronald Spear, including providing false testimony about his role in the use of force incident and the specific location where the use of force incident occurred.

(Title 18, United States Code, Section 1503(a).)

## COUNTS SEVEN through NINE
### (Perjury in the Federal Grand Jury - TAYLOR)

The Grand Jury further charges:

22. The allegations set forth in paragraphs one through five of this Indictment are repeated and incorporated herein by reference.

23. On or about April 9, 2015, in the Southern District of New York, BYRON TAYLOR, the defendant, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the Southern District of New York, willfully, knowingly, and contrary to such oath made false material declarations, to wit, TAYLOR gave the following underlined false testimony:

| Count Seven | Q: Did you at any point put your hands on the inmate in an attempt to restrain him?<br><br>A: <u>Not that I recall</u>. |
|---|---|
| Count Eight | Q: Did you see CO Col[l] kick Mr. Spear?<br><br>A: <u>No</u>. |
| Count Nine | Q: Did you ever tell either CO Duplessy or CO Col[l] not to disclose the fact that you were present for the use of force report?<br><br>A: <u>No</u>. |

(Title 18, United States Code, Section 1623.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

BRIAN COLL AND BYRON TAYLOR,

Defendants.

INDICTMENT

S2 15 Cr. 360 (LAP)

(Title 18, United States Code, Sections
242, 371, 1503, 1519, 1623 & 2.)

*A True Bill*

_____
Foreperson

PREET BHARARA
United States Attorney.

9/29/15 - Filed Superseding Indictment
ac
                    J. Denge
                    USMJ