UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN COLL,

               Petitioner,

-against-

UNITED STATES OF AMERICA,

               Respondent.

19 Civ. 6526 (LAP)
15 Cr. 360 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

     The Court is in receipt of Petitioner Brian Coll's letter dated September 3, 2020, requesting an update on his pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 12 in 19 Civ. 6526).  In that letter, Mr. Coll notes that the Government has yet to respond to his petition and that it has been approximately a year since the last correspondence concerning his § 2255 motion.  (Id.)

     In short, the Government has not yet responded to Mr. Coll's petition under 28 U.S.C. § 2255 because it is not yet required to do so based on the Court's prior orders.  On September 20, 2019, the Government moved for an order determining that Mr. Coll has waived the attorney-client privilege with respect to his communications with counsel relevant to his claims of ineffective assistance.  (See dkt. no. 6 in 19 Civ. 6526.)  In that motion, the Government requested that its time to respond to Mr. Coll's petition be extended from September 23, 2019 to 30 days after the

eventual resolution of the motion concerning Mr. Coll's purported waiver of the attorney-client privilege. (Id.)   On September 23, 2019, the Court granted the Government's request for said extension and gave Mr. Coll two weeks to respond to the Government's motion concerning the waiver of attorney-client privilege. (See dkt. no. 8 in 19 Civ. 6526.)   Mr. Coll never filed a response and the Court has yet to rule on the Government's motion.   This means that the condition that would trigger the Government's obligation to respond to Mr. Coll's § 2255 petition, i.e., the resolution of the Government's motion concerning the attorney-client privilege, has yet to occur.

Given the above, and to hasten the adjudication of Mr. Coll's pending § 2255 petition, Mr. Coll shall respond to the Government's motion concerning his alleged waiver of the attorney-client privilege no later than 21 days after service of this order.   If Mr. Coll fails to file a response in that timeframe, the Government's motion regarding Mr. Coll's alleged waiver of the attorney-client privilege shall be sub judice.   For Mr. Coll's reference, a copy of the Government's motion is attached hereto.

Although Mr. Coll did not raise it in his latest letter, a review of the docket called to the Court's attention a separate issue.   On May 28, 2020, Mr. Coll submitted a letter to the Court in which he requested that the Court contact the Bureau of Prisons in order to effect compassionate release.   (See dkt. no. 10 in 19

2

Civ. 6526.)  The Court construed that letter to be a <u>pro se</u> motion for compassionate release and ordered the Government to respond to Mr. Coll's motion no later than June 8, 2020. (<u>See</u> dkt. no. 11 in 19 Civ. 6526.)  The Government has not yet responded to Mr. Coll's request.

Accordingly, the Government shall respond to Mr. Coll's <u>pro se</u> motion for compassionate release within 21 days of the date hereof.  Mr. Coll may file a reply no later than 14 days after service of the Government's opposition to his motion for compassionate release.

CONCLUSION

In light of the foregoing:

1) Mr. Coll shall respond to the Government's motion for an order determining that Mr. Coll has waived the attorney-client privilege with respect to his communications with counsel relevant to his claims of ineffective assistance (dkt. no. 6 in 19 Civ. 6526) no later than 21 days after service of this order.  Should Mr. Coll fail to file a response in the time allotted, the Government's motion shall be <u>sub judice</u>.

2) The Government shall respond to Mr. Coll's <u>pro se</u> motion for compassionate release (dkt. no. 10 in 19 Civ. 6526) within 21 days of the date hereof.  Mr. Coll may file a reply no later than 14 days after the service of the Government's opposition to his request for compassionate release.

The Clerk of the Court is respectfully directed to mail a copy of this order and the attached motion to Mr. Coll.

**SO ORDERED.**

Dated:    New York, New York
          September 18, 2020

3

_____
LORETTA A. PRESKA
Senior United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                            :

BRIAN COLL,                          :

              Petitioner,      :        15 Cr. 360  (LAP)

                          :        19 Civ. 6526 (LAP)

             - against -      :

UNITED STATES OF AMERICA,   :

             Respondent.    :

                          :
-------------------------------------------------------------------- X

### GOVERNMENT'S MOTION FOR AN ORDER DETERMINING THAT BRIAN COLL HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO HIS COMMUNICATIONS WITH COUNSEL RELEVANT TO HIS CLAIMS OF INEFFECTIVE ASSISTANCE

The United States of America, by its attorney, Geoffrey S. Berman, United States

Attorney for the Southern District of New York, Martin S. Bell and Jeannette A. Vargas,

Assistant United States Attorneys, of counsel, respectfully moves this Court to enter an

Order that Brian Coll has waived the attorney-client privilege with respect to his

communications with counsel relevant to his claims of ineffective assistance of that

counsel.

In addition, the Government requests that its time to respond to Coll's Section

2255 motion be extended from September 23, 2019 to 30 days after the resolution of this

application.  This is the Government's first request for an extension of time.  The

Government has not sought Mr. Coll's consent to this request because he is *pro se* and

incarcerated.

As grounds for this motion the Government relies on the following facts and

1

authorities.

## Facts

On September 14, 2017, this Court entered a judgment of conviction following a jury verdict finding Brian Coll guilty of violating the civil rights of the late Ronald Spear, with death resulting, and certain offenses related to the attempt to cover up that offense. The Court sentenced Coll to 360 months' imprisonment on the civil rights count, concurrent with 240 months' imprisonment on each of the remaining four counts of conviction, to be followed by five years of supervised release, and a $500 special assessment. On March 14, 2019, the Second Circuit affirmed Coll's conviction in all respects.

On July 8, 2019, Coll submitted a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. In support of that motion, Coll claims that his various appointed counsel were constitutionally ineffective in a number of respects. Most relevantly, Coll claims that counsel failed to convey to him a plea offer purportedly made, and that his counsel informed him of this after his conviction. (Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody ("Mot."), 6-7). Coll further claims that he received ineffective assistance on appeal. (Mot. 10)

The Court, by Order dated July 25, 2019, directed the Government to file a response to Coll's Section 2255 Motion. In an effort to learn what light Coll's appointed trial counsel, could shed on his claims, the Government spoke by telephone with Mr. Sam Schmidt, Esq., and sent him a copy of Coll's Section 2255 Motion. (Affirmation of

AUSA Martin S. Bell, dated September 20, 2019, ¶ 2).  Mr. Schmidt, however, was unwilling to discuss with the Government his conversations with Coll, believing that the conversations may still be protected by the attorney-client privilege.  (*Id.*).  Mr. Schmidt therefore requested that the Government seek an order to the effect that Coll had waived the attorney-client privilege with respect to communications relevant to his claims of ineffective assistance of counsel.  (*Id.*).

While Mr. Coll's claims relate most directly to Mr. Schmidt's representation, certain claims, liberally construed, may relate to that of his co-counsel, Mr. Joshua Dratel's representation as well.  In the interest of efficiency, the Government requests an order that applies to Coll's communications with all of his counsel relevant to his ineffective assistance of counsel claims.

The Government's response to Coll's 2255 Motion remains due on September 23, 2019.  The Government has completed most of its response to Coll's Section 2255 Motion, but has not finished it because it has not been able to consult with counsel fully regarding Coll's ineffective assistance claims prior to the resolution of this application.

## Discussion

It is well established that "the attorney-client privilege cannot at once be used as a shield and a sword."  *United States* v. *Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (citations omitted).  The "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."  *Id.* (citations omitted).

More specifically, "'[i]t has long been the rule in the federal courts that, where a

3

habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.'" *Frias* v. *United States*, No. 09 Civ. 2537, 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009) (quoting *In re Lott*, 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting *Bittaker* v. *Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc)) (other citations omitted)); *see Graziose* v. *United States*, No. 03 Civ. 8109, 2004 WL 102699, at *1 (S.D.N.Y. Jan. 21, 2004) ("When a convicted defendant raises an argument that his counsel was ineffective and bases that contention on privileged communications with his attorney, the attorney-client privilege is waived as to the contents of those discussions") (citations omitted); *Tasby* v. *United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("[w]hen a client calls into public question the competence of his attorney, the privilege is waived").

Moreover, the Second Circuit requires "that 'except in highly unusual circumstances,' the assertedly ineffective attorney should be afforded 'an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.'" *Bloomer* v. *United States*, 162 F.3d 187, 194 (2d Cir. 1998) (quoting *Sparman* v. *Edwards*, 154 F.3d 51, 52 (2d Cir. 1998)); *see United States* v. *Dukes*, 727 F.2d 34, 41 n.6 (2d Cir. 1984) ("In the event that counsel accused of being incompetent is not called to testify or present evidence, the district court, before making any determination that counsel was incompetent, should provide counsel with that opportunity"); *see also McKee* v. *United States*, 167 F.3d 103, 108-09 (2d Cir. 1999) (remanding to provide allegedly ineffective attorney an opportunity be heard).

In this case, petitioner's claims rest in large measure on conversations that

allegedly took place or should have taken place between Coll and his counsel. Petitioner claims that Schmidt failed to deliver him a plea offer from the Government, and subsequent to the trial, Schmidt informed him of that failure. By making these claims, Coll plainly has waived any privilege that attached to his communications (or lack of communications) with his counsel relevant to his claims. And while counsel have a duty to maintain confidential information obtained during their representation of Coll, a "lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary . . . to defend the lawyer . . . against an accusation of wrongful conduct . . . or to comply with other law or court order." 22 NYCRR Part 1200 (N.Y. Rules of Professional Conduct), Rule 1.6(b).

## Conclusion

For the reasons set forth above, the Government respectfully requests that the Court issue an order to the effect that Coll has waived the attorney-client privilege with respect to communications with his counsel that are relevant to Coll's claims of ineffective assistance of counsel made in his Section 2255 Motion. In addition, the

Government requests that the Court permit the Government 30 days following the

resolution of this application to respond to Coll's Section 2255 Motion.


Dated:  New York, New York
        September 20, 2019


                                        Respectfully submitted,


                                        _/s/ Martin S. Bell_____
                                        Martin S. Bell
                                        Assistant United States Attorney
                                        (212) 637-2463

## <u>CERTIFICATE OF SERVICE</u>

I, Martin S. Bell, Assistant United States Attorney for the Southern District of New York, hereby certify that on September 20, 2019, I caused a copy of the foregoing Motion for an Order Determining that Brian Collhas Waived the Attorney-Client Privilege with Respect to his Communications with Counsel Relevant to his Claims of Ineffective Assistance, along with a copy of the related Affirmation in Support of the Motion, to be served by First Class mail upon the following:

      Brian Coll
      ID No. 72289-054
      FCI - Williamsburg
      P.O. Box 340
      Salters, SC 29590

      Sam A. Schmidt, Esq.
      Law Office of Sam A. Schmidt
      115 Broadway, Suite 1704
      New York, NY 10006

      Joshua Lewis Dratel, Esq.
      Law Offices of Joshua L. Dratel, P.C.
      29 Broadway, Suite 1412
      New York, NY 10006

Dated: New York, New York
       September 20, 2019

                        __/s/ Martin S. Bell_____
                        Martin S. Bell
                        Assistant United States Attorney