UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>BRIAN COLL,<br><br>                    Defendant. | 15 Cr. 360 (LAP)<br>19 Civ. 6526 (LAP)<br><br><br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Mr. Coll's motion for compassionate release, supplemented by his December 2020 and January 2021 letters.  (Dkt. nos. 10, 19, & 20 in 19-CV-6526.)  The Government opposes the motion.  (Dkt. no. 172 in 15-CR-360; dkt. no. 18 in 19-CV-6526.)  For the reasons set out below, the motion is denied.

  I.  Background

    Mr. Coll, then a Rikers Island Correction Officer, was convicted after a two-week trial of violating the civil rights of an inmate, Ronald Spears, causing death, pursuant to, inter alia, 18 U.S.C. § 242, and of various obstruction and falsification of records charges for covering it up.  Evidence at trial showed that following an altercation with Mr. Coll, Ronald Spears, who was in the medical unit, walked with a cane, and suffered from numerous maladies, was subdued on the floor in a hallway on his stomach with his hands restrained behind his

1

back and with a Corrections Officer sitting on his legs. (Sentencing Transcript ("Tr."), dated Sept. 13, 2017 [dkt. no. 134], at 7:9-15, 9:6-12.) Mr. Coll approached the restrained Mr. Spears and kicked him in the head four times, using his hard-toed boot. (Id. at 7:14-22.) In the words of the Corrections Officer on Mr. Spears' legs, Mr. Coll kicked Mr. Spears like he was "kicking a field goal." (Id.) Indeed, when that Corrections Officer extended his arm to stop Mr. Coll's kicks, his own wrist tendons were injured by the force he absorbed. After the kicking ceased, Mr. Spears was moaning, had his mouth open and his eyes rolled back in his head when Mr. Coll picked up his head by the hair and said "This is what you get for fucking with me. Remember I did this." (Tr. at 7:23-8:3.) He then dropped Mr. Spears' head down onto the hard floor. (Tr. at 8:4.) Mr. Coll immediately orchestrated a cover-up among other Corrections Officers, including perpetrating the falsehood that Mr. Spears had attacked him with a cane. (Tr. at 9:24-10:4.) The cover-up went on for years until a cooperating witness finally came forward to reveal the truth.

Evidence at trial showed that following the murder, Mr. Coll framed a newspaper article about Mr. Spears' death on his wall and bragged about getting a teardrop tattoo near his eye,

2

apparently an indication that the wearer is responsible for a death.  (Tr. at 33:5-11.)

Because the jury found that Mr. Coll's violation of Mr. Spears' civil rights caused death, the statutory maximum was life, not the 10-year maximum applicable to injury cases.  Thus, the Court sentenced Mr. Coll to 30 years imprisonment.  (Id. at 37:9-12; Judgement, dated Sept. 14, 2017 [dkt. no. 128].)  He has not served even a third of that sentence.

II.  Applicable Law

A court normally may not modify a term of imprisonment once it has been imposed, but "compassionate release" is among the limited exceptions. United States v. Demaria, No. 17 CR. 569 (ER), 2020 WL 1888910, at *2-3 (S.D.N.Y. Apr. 16, 2020). Compassionate release allows a court to reduce a term of imprisonment where, among other things, "after considering the factors set forth in section 3553(a)," "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).

Compassionate release considerations are guided by the policy statement within U.S. Sentencing Guidelines § 1B1.13. See 18 U.S.C. § 3582(c)(1)(A).  Under Note 1 to U.S.S.G. § 1B1.13, extraordinary and compelling reasons exist based on the medical condition of the defendant where the defendant is "(i) suffering from a terminal illness," or "(I) suffering from

3

a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (II) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note 1, U.S.S.G. § 1B1.13.

Moreover, U.S.S.G. § 1B1.13 provides that, to grant compassionate release, the Court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

It is a defendant's burden to prove that "extraordinary and compelling reasons" exist; that he is not a danger to the community; and that the Section 3553(a) factors and all other relevant considerations warrant the Court exercising its discretion to grant early release. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992); see also United States v. Israel, 05 CR 1039 (CM), 2020 WL 5641187, at *3 (S.D.N.Y. Sept. 22, 2020).

III. Discussion

The Court assumes without deciding that it may consider Mr. Coll's motion despite the fact that he has not exhausted his administrative remedies.

Mr. Coll reports that he is 50 years old, suffers from "high blood pressure, PTSD, depression, anxiety, claustrophobic [sic], and . . . use[s] a CPAP machine at night for breathing." (Letter from Brian Coll, dated May 12, 2020 [dkt. no. 10], at 1.)  He also notes that the Bureau of Prisons has discussed moving inmates who use CPAP machines to solitary so as to minimize the danger of their infecting their cell mates.  (Id.) The Government reports that Mr. Coll's body mass index exceeds 40 and acknowledges that "[s]uch a chronic medical condition presents 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility.'" (Letter from Martin Bell, dated Oct. 16, 2020 [dkt. no. 172 in 15-CR-360; dkt. no. 18 in 19-CV-6526], at 3 (quoting U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I)).)  Thus, Mr. Coll is eligible for compassionate release.  Despite this, however, the Court must still consider the section 3553(a) factors.

The nature and circumstances of the offense, the need to provide just punishment for that offense, the history and characteristics of the Defendant, and the need for general deterrence all counsel further incarceration.

As set out above, this crime was particularly callous. This Defendant, a law enforcement officer, killed a sick man he was supposed to be taking care of.  And he did it in a

5

particularly bullying and vicious manner--kicking the restrained victim four times in the head in the area of the temple with a hard-toed boot.  As though to confirm his bullying intent, Mr. Coll lifted the victim's head from the ground and told him that "this is what you get for fucking with me" and to "remember that I did this to you."  (Tr. at 7:23-8:3.)  He then dropped his head back down on the hard floor.  The Defendant's vicious actions cost a human life.  There are few more serious crimes.

In committing this serious crime, Mr. Coll betrayed the trust society had placed in him as a Corrections Officer. Because his regular post was the medical unit, he knew that Mr. Spears walked with a cane, was on dialysis, and often needed oxygen.  The viciousness of the crime and the betrayal of society's trust require a serious sentence.  To release Mr. Coll now, essentially because he is obese, would be an outrage and entirely contrary to the need to provide just punishment.

If that were not enough, the Court also has concerns about the safety of the community.  Even though Mr. Coll was a Corrections Officer, his estranged wife, his children, and his father all had obtained numerous protective orders against him, prohibiting contact.  (Tr. at 34:4-7.)  Perhaps confirming the implications of that fact, when Mr. Coll was granted bail, no family member came forward to sign his bond.  (Id. at 35:1-2.)

These circumstances lead the Court to believe that Mr. Coll might well be a danger to the community if released.

Finally, there is always a need to deter other law enforcement officials who might be tempted to abuse the trust society places in them.  Releasing Mr. Coll after a few years imprisonment for a heinous murder would not serve the purpose of deterrence.

IV. Discussion

For the reasons set out below, Mr. Coll's motion for compassionate release (dkt. no. 10 in 19-CV-6526) is denied.

The Clerk of the Court shall mail a copy of this order to Mr. Coll.

**SO ORDERED.**

Dated:    New York, New York
          January 19, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge