UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>           -against-<br><br>BRIAN COLL,<br><br>                    Defendant. | 15 Cr. 360 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Brian Coll's letter of February 8, 2021,[1] which addresses in part the Court's order denying Defendant's motion for compassionate release (see Order, dated Jan. 19, 2021 ("Jan. 19 Order") [dkt. no. 174]).  Because parts of Mr. Coll's letter quibble with sections of that order, the Court will construe his letter as a motion for reconsideration pursuant to Local Crim. R. 49.1(d).

    For the reasons set out below, the motion is denied.

I.    Legal Standard

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted).

---

[1] (Letter from Brian Coll ("Mot."), dated Feb. 8, 2021 [dkt. no. 175].)

1

"While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d)."  United States v. Baldeo, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015).  That rule enables a movant to file "[a] ç . . . within fourteen (14) days after the Court's determination of the original motion" upon "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion."  Local Crim. R. 49.1(d).

"The standards for reconsideration among the civil and criminal rules are largely the same."  United States v. Daugerdas, No. 09CR581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting United States v. Lisi, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020).)  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Glob. View Ltd. Venture Capital v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The Court may also grant the motion to "'correct a clear error or prevent manifest injustice.'"  Id. (quoting Banco de

Seguros Del Estado v. Mutual Marine Offices, Inc., 230 F.Supp.2d 427, 428 (S.D.N.Y. 2002).  However, "[r]econsideration is not an invitation for parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'"  Daugerdas, 2020 WL 4931988, at *2 (quoting de los Santos v. Fingerson, No. 97 CIV. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)).

II.  Discussion

As an initial matter, Defendant's motion, dated February 8, 2021 and filed on February 17, 2021 in response to the Court's January 19, 2021 order, is late.  A motion for reconsideration must be filed within 14 days of the Court's determination of the original motion.  Local Crim. R. 49.1(d).  "However, courts retain the discretion to excuse an untimely filing, and this Court will do that here" considering the fact of Defendant's incarceration.  See Lisi, 2020 WL 1331955 at *1.

In any case, Mr. Coll points to no data or controlling decisions that would warrant reconsideration and instead seeks to re-litigate facts that were proven at trial and raised by the Government in opposition to his original motion.  In his motion, Mr. Coll does not deny his beating of Mr. Spear but disputes some of the details about how he carried out this heinous murder.  Mr. Coll states that he kicked Mr. Spears three times,

3

not four times; (2) that the boots he wore when he "stomped" Mr. Spears were not hard-toed but were "soft and light" and that it was not the toe of the boot that met Mr. Spears' head; (3) that he did not kick Mr. Spears as hard "as if he were kicking a field goal" because doing so would have broken Mr. Spears' jaw; and (4) that he did not drop Mr. Spears' head on the ground because, if he had done so, Mr. Spears would have had marks on his face.  (Mot. at 5.)  These unsupported assertions offered by Defendant could not possibly "reasonably be expected to alter the conclusion reached by the court" and thus provide no basis for reconsideration.[2]  See Shrader, 70 F.3d at 257.

Defendant also asserts that Mr. Spear "attacked me because he didn't get his way," but this assertion, like each of the unsupported statements above, was contradicted by trial evidence, including eyewitness testimony.  (Jan. 19 Order at 2-3; see also Trial Transcript, dated Dec. 5, 2016 [dkt. no. 92], 220:8-14; 307:2-308:2; 320:1.)  He further offers the unsubstantiated claims that Officer Torres, one of the eyewitnesses to the murder, was "coached" by the Government and could not observe Mr. Spears' face during the beating, even

---

[2] In his motion, Defendant does not dispute, and apparently admits, that he framed a newspaper article about Mr. Spears' death on his wall.  (See Mot. at 2 ("Framing an article is not illegal.").)

4

though the jury evidently credited this testimony when it unanimously returned a verdict of guilty.

Accordingly, the Court declines to reconsider its denial of Defendant's motion for compassionate release.

III. Conclusion

Mr. Coll's motion for reconsideration (see dkt. no. 175) is denied.

The Clerk of the Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:   New York, New York
         March 1, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge